UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST 100, LLC, | Case No. 2:17-cv-01438-JCM-CWH |
| Plaintiff, | |
| v. | |
| CENLAR, FSB, et al., | **REPORT & RECOMMENDATION** |
| Defendants. | |

This is a report and recommendation to the United States district judge assigned to this case that the Court dismiss Plaintiff First 100, LLC's complaint (ECF No. 2-1) for failure to comply with the Court's orders.

## I. BACKGROUND

The parties are familiar with the facts of this case, and the court will repeat them here only as necessary for this report and recommendation. On September 1, 2017, Plaintiff's counsel filed an emergency motion to withdraw (ECF No. 20), citing Plaintiff's unpaid invoices for counsel's services in this matter. The Court granted the motion (ECF No. 27), and ordered Plaintiff, which is a corporation, to retain new counsel and file a notice of appearance no later than October 16, 2017. Plaintiff did not comply with this order. On October 18, 2017, this Court entered an order to show cause (ECF No. 42), requiring Plaintiff to explain why it failed to comply with the Court's previous order. To date, Plaintiff has not responded to either of the Court's orders, or made any further filing with the Court. Given Plaintiff's failure to respond in any way, it appears that Plaintiff has abandoned the case. The Court therefore recommends that Plaintiff's complaint be dismissed with prejudice.

## II. ANALYSIS

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules

provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and dismissing an action. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). "Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine*, 460 F.3d at 1226. It is within the court's discretion whether to impose dismissal sanctions. *Id.*

### A.  Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. *Phenylpropanolamine*, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* Here, Plaintiff failed to retain new counsel as ordered on September 25, 2017, or to respond to the Court's October 18, 2017 order to show cause why it had failed to respond to the Court's previous order. Plaintiff's repeated failures to comply with the Court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. As such, this factor weighs in favor of dismissal sanctions.

### B.     Management of the Court's Docket

A district court's inherent power to control its docket includes the ability to issue sanctions of dismissal. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir 1986). The sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 642 (1976). Here, Plaintiff failed to respond to repeated orders from the Court, making it impossible for this case to move forward or for the court to effectively manage its docket. As such, this factor weighs in favor of dismissal sanctions.

### C.     Prejudice to Defendants

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990). Plaintiff's failure to comply with this court's orders have not only made it impossible for this case to move forward, but are prejudicial to Defendant, who is entitled to conduct discovery, proceed to trial, and obtain a rightful decision in this case. As such, this factor weighs in favor of dismissal sanctions.

### D.     Disposition of Cases on Merits

The public policy favoring disposition of cases on the merits weighs against dismissal of a case. *Phenylpropanolamine*, 460 F.3d at 1228. Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id.* (quotation omitted). Given that Plaintiff is responsible for moving this case forward, its failure to do so has caused delay and thwarted progress. As such, this factor weighs in favor of dismissal sanctions.

### E.     Less Drastic Sanctions

A court must consider the adequacy of less drastic sanctions before imposing dismissal sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). In determining whether less drastic sanctions are appropriate, a court must consider: (1) are less drastic sanctions available

and, if so, why would they be inadequate; (2) were alternative sanctions employed before ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132.

Here, the court provided Plaintiff two opportunities and nearly two months to respond to the Court's orders. Plaintiff was specifically warned that failure to respond to the Court's orders would result in sanctions, including a recommendation of dismissal. Plaintiff's conduct makes it impossible for this case to proceed and there is no indication Plaintiff will eventually respond. As such, this factor weighs in favor of dismissal sanctions.

Given that all five factors all weigh in favor of dismissal, the Court recommends that Plaintiff's complaint be dismissed with prejudice as a sanction for failure to comply with the Court's orders.

### III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff First 100, LLC's complaint (ECF No. 1-2) be DISMISSED with prejudice.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 28, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge