UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| First 100, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Cenlar, FSB, et al.,<br><br>                Defendants. | Case No. 2:17-cv-01438-JCM-DJA<br><br>**Order** |

       This is a quiet title action arising out of real property located in Las Vegas, Nevada.  The Honorable District Judge James C. Mahan ordered the parties to file a joint status report.  (ECF No. 148).  In their status report, the parties explained that discovery dates had expired and asked the Court to set a scheduling conference or enter a scheduling order to set deadlines applicable to the appearing parties.  (ECF No. 153).[1]  Because the joint status report did not explain the status of discovery or respective needs of the parties, the undersigned ordered the parties to instead stipulate to a proposed scheduling order.  (ECF No. 154).  The parties then filed another joint status report, explaining that they would not need to reopen discovery.  (ECF No. 155).  Instead, the parties requested a trial date and asked, "that the Court set a Pretrial Conference on a date convenient to the Court in advance of the selected trial date." (*Id.*).

       Because the parties are requesting to move forward with trial, they will need to submit a joint pretrial order.  *See* LR 16-4; *see* LR 26-1(b)(5).  The Court thus orders the parties to submit their joint pretrial order by Wednesday, April 6, 2022.  However, the Court denies the parties request for a pretrial conference without prejudice.  The parties have not outlined what topics they wish to address at the conference or whether briefing will be necessary.  The Court does not

---

[1] The parties first joint status report is filed as ECF No. 151.  The parties filed their amended status report one day later at ECF No. 153.

typically conduct pretrial conferences without a written request, and this information is vital to the undersigned's ability to schedule and conduct this conference.[2]  *See* LR 16-2.  The parties may move or stipulate to a pretrial conference if, after they file their joint pretrial order, outstanding issues remain which they would like to address with the undersigned at a pretrial conference.

**IT IS THEREFORE ORDERED** that the parties' joint pretrial order is due on or before **Wednesday, April 6, 2022.**

**IT IS FURTHER ORDERED** that the parties' request for a pretrial conference is **denied without prejudice.**

DATED: March 7, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear from the parties' request whether they are seeking to schedule a calendar call or pretrial conference.  To the extent the parties are seeking to schedule a calendar call, that request should be included in their pretrial order.  *See* LR 16-4.