Richard J. Reynolds, Esq. (SBN 11864)
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
(949) 863-3363
rreynolds@bwslaw.com

Michael R. Brooks, Esq. (SBN 7287)
HUTCHISON & STEFFEN, PLLC
10080 W. Alta Dr., Suite 200
Las Vegas, Nevada 89145
(702) 385-2500
mbrooks@hutchlegal.com

Attorneys for Defendant, Counterclaimant,
And Cross-Complainant RTED America, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FIRST 100, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CENLAR, FSB, a foreign corporation; GREENPOINT MORTGAGE FUNDING, INC., a foreign corporation; ROBERT OGGINS, an individual; ROBERT OGGINS as Trustee of the Robert Oggins Living Trust; RTED AMERICA, LLC, a foreign corporation; RTED NEVADA, LLC, a Nevada limited liability company; DOES 1 through 10; and ROE COMPANIES 1 through 10,<br><br>        Defendants.<br><br>RTED NEVADA, LLC,<br><br>        Counterclaimant,<br><br>v. | Civil No. 2:17-cv-01438-JCM-DJA<br><br>**JOINT PRETRIAL ORDER** |

| | |
|---|---|
| FIRST 100, LLC, a limited liability corporation; and ROE COMPANIES 1 through 10,<br><br>            Counter-Defendant.<br><br>RTED NEVADA, LLC,<br><br>            Cross-Complainant,<br><br>v.<br><br>GOODMAN LAW OFFICES, P.C.; VALLEY DEL PARADISO HOMEOWNERS ASSOCIATION; OMNI FINANCIAL, LLC; COLGAN FINANCIAL GROUP, INC.; NEVADA TITLE COMPANY; ORBIS FINANCIAL, LLC; FIRST AMERICAN TITLE COMPANY; UNITED STATES OF AMERICA; SCOTT B. OLIFANT; REPHINA LOUIE; STATE OF NEVADA; STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION; EMPLOYMENT SECURITY DIVISION and ROE COMPANIES 1 through 10,<br><br>            Cross-Defendants. | |

After pretrial proceedings in this case, RTED Nevada, LLC, Omni Financial, LLC and Valley del Paradiso Homeowners Association submit the attached joint pretrial order. Goodman Law Firm participated in the pretrial conference but did not provide comment on this pretrial order.

IT IS SO ORDERED:

**I.      NATURE OF THE ACTION**

This action arises under the provisions of NRS 116.3116, *et seq.* The question among the parties before the Court is who is the rightful owner of the property and what liens and encumbrances, if any, remain after a purported assessment lien sale by Goodman Law Offices on behalf of Valley Del Paradiso Homeowners Association.

The only other remaining parties to this action are Omni Financial, LLC and Orbis Financial, LLC. Omni and Orbis are current owners of the property by virtue of a foreclosure against First 100, LLC who purchased the property after an assessment lien sale under NRS 116.3116. ,

In the end, the Court is asked to decide:

1) Was the assessment lien sale conducted by Goodman Law Offices void to the extent it extinguished RTED's interest for lack of proper notice?

2) Whether Cenlar, FSB ("Cenlar") had actual knowledge of the assessment lien sale such that notice defects, if any, did not void the subject assessment lien sale.

3) Whether Trustee Corps, as the substituted NRS Chapter 107 foreclosure trustee and dual agent of the borrower and lender had knowledge of the foreclosure sale which was imputed to Cenlar.

4) If the sale was not void, was the assessment lien sale a superpriority assessment lien sale under NRS 116.3116 such that the interest of RTED was extinguished.

**A.    RTED Contends as Follows:**

1.    RTED's predecessor-in-interest on the date of the assessment lien sale on February 3, 2014, Cenlar, was not provided with the statutorily required notice of default or notice of sale prior to the assessment lien sale resulting in a void assessment lien sale which did not transfer title at the assessment lien sale deed.

2.     The mailing a notice of foreclosure sale to a substituted foreclosure trustee pursuant to NRS 107, *et seq*. does not satisfy the statutory obligations to provide notice to parties impacted by an assessment lien sale.

3.     The assessment lien sale conducted by the Valley Del Paradiso HOA through its assessment lien sale agent was not intended to be a a super-priority sale.

4.     Valley Del Paradiso did not conduct an assessment lien sale based upon assessments pursuant to a budget adopted in accordance with the provisions of NRS 116.3115.

5.     The Nevada Supreme Court has implicitly reversed its decision in *SFR v. US Bank* (2014) and now requires that a super-priority lien must be enforced by a judicial "action."

**B.     Goodman, Valley and Omni Contend as Follows:**

1.     Cenlar, RTED's predecessor-in-interest, received actual notice and was not prejudiced by the failure to be mailed the required notice. *See Collegium Fund LLC Series 16 v. Deutsche Bank Nat'l Trust Co.*, 2019 Nev. Unpub. LEXIS 696, *2, 443 P.3d 550, 2019 WL 2743518, citing: W. Sunset 2050 Tr. V. Nationstar 130 Nev. 323, 329-30, 326 P.3d 4, 8 (2014).

2.     If a question of actual notice remains, Cenlar, RTED's predecessor-in-interest, should be attributed the knowledge of its agent Trustee Corp. *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250, 396 P.3d 754, 757 (2017) (observing that a loan servicer acts as a beneficiary's agent by virtue of the servicer administering the mortgage on behalf of the beneficiary); *Strohecker v. Mut. Bldg. & Loan Ass'n*, 55 Nev. 350, 355, 34 P.2d 1076, 1077 (1934) (recognizing that an agent's knowledge is imputed to the principal); 3 Am.

Jur. 2d *Agency* § 255 (2018) ("Generally, the principal is chargeable with, and bound by, the knowledge of or notice to an agent.").

## II. STATEMENT OF JURISDICTION

This matter was removed to the United States District Court by the United States of America on May 19, 2017 [ECF No. 1] after it was sued as a party with a lien against the subject property thus, this Court had jurisdiction at the time of the removal. Thereafter, the United States disclaimed its interest in the Property and the parties contend that this Court retains supplemental jurisdiction to hear this matter pursuant to the United States Supreme Court authority of *Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 129 S.Ct. 1862, 556 U.S. 635, 173 L.Ed.2d 843 (2009).

## III. STATEMENT OF ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. On April 8, 2004, Robert Oggins purchased the real property at 2080 Karen Avenue, Unit 93, Las Vegas, Nevada (the "Property")
2. Concurrently with his purchase of the Property, Robert Oggins made, executed and delivered a promissory note in the original principal sum of $55,700 payable to Taylor, Bean and Whitaker Mortgage ("TBW").
3. TBW, through its nominee, Mortgage Electronic Registration Systems, Inc. as nominee to Cenlar FSB on June 20, 2013. (The "Cenlar Assignment"). The Cenlar Assignment was recorded with the Clark County Recorder on June 28, 2013 as instrument number 20130628-004301.
4. The Deed of Trust was subsequently assigned by Cenlar FSB to RTED America, LLC on January 8, 2016. (The "RTED America Assignment"). The RTED

America Assignment was recorded with the Clark County Recorder on January 13, 2016 as instrument number 24 20160113-001420.

5. RTED acquired its rights in the promissory note and Deed of Trust by virtue of an assignment from RTED America dated February 19, 2016. (The "RTED Assignment"). The RTED Assignment was recorded with the Clark County Recorder's office on February 19, 2016 as instrument number 20160219-0001981.

6. RTED is the owner and holder of the Oggins promissory note pursuant to the assignments and its possession of the rights under original promissory note.

7. Subject to the outcome of this litigation and this Court's determination that the February 3, 2014 assessment lien sale was a valid superpriority assessment lien sale, RTED is also the current beneficiary under a first position Deed of Trust recorded against the "Property".

8. The Property is a unit contained within the Valley Del Paradiso Homeowners Association (the "Association") and subject to the provisions of the Conditions, Covenants and Restrictions (the "CCRs") for the Association.

9. Because of defaults on the payment of homeowners association dues, the Association commenced an assessment lien sale proceeding pursuant to NRS 116.

10. The Association retained the services of the Goodman Law Firm to act as its assessment lien sale agent.

11. The Goodman Law Firm recorded a Notice of Delinquent Assessment lien on August 8, 2013.

12. The Goodman Law Firm recorded a Notice of Default and Election to Sell on September 27, 2013

13. The Association was the successful bidder at the assessment lien sale with a credit bid of $5,406.00.

14. The Goodman Law Firm recorded a Notice of Trustee Sale on December 19, 2013.

15. The Goodman Law Firm purported to sell the Property at an assessment lien sale auction on February 3, 2014.

16. The Goodman Law Firm executed and recorded a Trustee's Deed Upon Sale on February 13, 2014.

17. The Association transferred its interest in the Property to First 100 by Deed of Sale on August 5, 2014 for $6,996.00.

18. First 100 pledged the Property to secure a loan from Omni Financial.

19. After a default under the terms of the loan secured by a deed of trust, Omni Financial was the successful bidder at the deed of trust foreclosure sale on September 12, 2017 and acquired its interest in the Property.

**IV.   STATEMENT OF UNCONTESTED FACTS**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

**V.   STATEMENT OF ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL**

1. Did the Goodman Law Office provide proper notice of an assessment lien sale in compliance with the requirements of NRS 116.3116, et seq.

2. Did Cenlar have actual notice of the assessment lien sale?

3. Did the Goodman Law Office conduct a superpriority assessment lien sale based upon 9-months of assessments adopted pursuant to a budget under NRS 116.3115.

4. Did the Valley Del Paradiso and the Goodman Law Office intend to conduct a superpriority assessment lien sale?

5. What was Trustee Corps' agency role in regards to Cenlar and was it sufficient to impute Trustee Corp's knowledge of the foreclosure sale on to Cenlar.

## VI. STATEMENT OF ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL

1. Did the Nevada Supreme Court implicitly overrule the case of *SFR Investments Pool 1 v. U.S. Bank* in its *Facklam v. HSBC Bank* 133 Nev. 497 (2017).

2. Whether a superpriority sale under NRS 116 requires the intent of the HOA or their agent to have it be a superpriority sale.

3. Whether a superpriority sale under NRS 116 requires a judicial action.

## VII. EXHIBITS, ELECTRONIC EVIDENCE, AND DEPOSITIONS

(a). Exhibits: The following are exhibits stipulated into evidence in this case and may be so marked by the clerk:

1. Oggins 2004 Promissory Note;
2. Deed of Trust;
3. Assignment of Deed of Trust to Cenlar, FSB
4. Assignment of Deed of Trust to RTED America, LLC
5. Assignment of Deed of RTED Nevada, LLC
6. Conditions, Covenants and Restrictions
7. Notice of Delinquent Assessment Lien
8. Notice of Default
9. Notice of Trustee Sale
10. Foreclosure Deed

(b). As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

1. Set forth the plaintiff's exhibits and objections to them.

No objections are expected at this time.

2. Set forth the defendant's exhibits and objections to them

No objections are expected at this time.

(c). Electronic evidence: (State whether the parties intent to present electronic evidence for purposes of jury deliberation)

Not applicable.

(d) Depositions:

(1) RTED will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]

1. Clint Goodman, The Goodman Law Firm

   a. Excerpts:
      i. P. 32, line 14 through p. 34, line 23;
      ii. P. 35, lines 16 through 20;
      iii. P. 41, line 3 through p. 44, line 3;
      iv. P. 44, line 6 through p. 45, line 16;
      v. P. 48, lines 5 through 11;
      vi. P. 53, line 14 through p. 54, line 20;
      vii. P. 56, lines 1 through 5;
      viii. P. 57, lines 14 through 25;
      ix. P. 59, lines 22 through p. 60, line 14;
      x. P. 61, lines 12 through 21;
      xi. P. 62, line 25 through p. 63, line 14.

   b. Offered against all parties.

2. Judith Pollins, Valley del Paradiso Homeowners Association

   a. Excerpts:
      i. P. 30, line 24 through p. 31, line 2;
      ii. P. 31, lines 9 through 25;
      iii. P. 47, line 7 through p. 47, line 2;
      iv. P. 53, line 13, through p. 54, line 7;

   b. Offered against all parties.

(2) Defendants will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.]

Defendants do not expect to read any deposition testimony at this time in lieu of calling a live witness to the stand except for purposes of impeachment and refreshing. Should any witness be unavailable for trial, Defendants reserve the right to use any of the depositions taken in this case at trial for any purposes permitted by the Federal Rules of Civil Procedure.

1. Clint Goodman
2. Joseph Maridon
3. Judith Pollins

(e) Objections to depositions:

(1) Defendant objects to plaintiff's depositions as follows:

No Objections.

(2) Plaintiff objects to defendant's depositions as follows:

No Objections.

**VIII. LIST OF WITNESSES WHO MAY BE CALLED AT TRIAL**

The following witnesses may be called by the parties at trial:

(a) Provide names and addresses of plaintiff's witnesses.
1) Rande Johnson, RTED Nevada, LLC
   c/o Michael R. Brooks
   Hutchison & Steffen
   10080 W. Alta Drive, Suite 200
   Las Vegas, Nevada, 89145
   (702) 385-2500

2) Clint Goodman
   c/o HOA Lawyers Group
   7459 W. Azure Dr., Suite 218
   Las Vegas, Nevada 89130

(b) Provide names and addresses of defendant's witnesses.

1) Clint Goodman,
   c/o HOA Lawyers Group
   7459 W. Azure Dr., Suite 218
   Las Vegas, Nevada 89130

  2) Person Most Knowledgeable for Valley Del Paradiso HOA
  3) Person Most Knowledgeable for Cenlar
  4) Person Most Knowledgeable for Trustee Corps
  5) Person Most Knowledgeable for Omni Financial, LLC
  6) Person Most Knowledgeable for Orbis Financial, LLC

## IX. TRIAL DATES

The attorneys or parties have met and jointly offer these three trial dates:

- August 31 – September 2, 2022
- September 6-8, 2022
- September 13-16, 2022
- September 19-23, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

## X. PROPOSED LENGTH OF TRIAL

It is estimated that the trial will take a total of 2-3 days.

## XI. MOTIONS IN LIMINE

No Motions in Limine are anticipated at this time.

APPROVED AS TO FORM AND CONTENT:

| BURKE, WILLIAMS & SORENSEN, LLP | HOWARD & HOWARD ATTORNEYS, PLLC |
|---|---|
| */s/Richard Reynolds* <br> Richard J. Reynolds, Esq. (SBN 11864) <br> 1851 East First Street, Suite 1550 <br> Santa Ana, CA  92705-4067 <br><br> Michael R. Brooks, Esq. (SBN 7287) <br> HUTCHISON & STEFFEN, PLLC <br> 10080 W. Alta Dr., Suite 200 <br> Las Vegas, NV 89145 <br><br> *Attorneys for Defendant, Counterclaimant,* | */s/Robert Hernquist* <br> Robert W. Hernquist <br> Brian Pezzillo <br> 3800 Howard Hughes Parkway, Suite 1000 <br> Las Vegas, NV  89169 <br><br> *Attorneys for Cross-Defendants, Omni Financial, LLC and Orbis Financial, LLC* |

*And Cross-Complainant RTED America, LLC*

| | |
|---|---|
| HOA LAWYERS GROUP | LIPSON NEILSON, P.C. |
| */s/Steven Loizzi, Jr.* | */s/David Ochoa* |
| Steven T. Loizzi, Jr. | Joseph P. Garin |
| 9500 W. Flamingo, Suite 204 | David A. Ochoa |
| Las Vegas, NV 89147 | 9900 Covington Cross Drive, Suite 120 |
| | Las Vegas, NV 92705 |
| Attorneys for Cross-Defendant | |
| Goodman Law Offices, P.C. | Attorneys for Cross-Defendant |
| | Valley Del Paradiso HOA |

## XII. ACTION BY THE COURT

This case is set for court/jury trial on the fixed/stacked calendar on **September 12, 2022, at 9:00 a.m**. Calendar call will be held on **September 7, 2022, at 1:30 p.m.**

DATED:      June 1, 2022      .

_____
UNITED STATES DISTRICT JUDGE